UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALLACE REED,

v.                                                     Civil Case No.: 8:13-cv-2401-T-24-TGW
                                                      Crim. Case No.: 8:03-cr-105-T-24-TGW
                                                      Related Case No.: 8:07-cv-1379-T-24-TGW

UNITED STATES OF AMERICA,
_____/

**<u>ORDER</u>**

This cause is before the Court upon Petitioner Wallace Reed's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1; Cr. Dkt. 193.) Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.    BACKGROUND**

Petitioner Wallace Reed was found guilty, after a jury trial, of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii)(II) (Count One); and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(II) (Count Two). On April 12, 2005, the Court sentenced Reed to a total term of 262 months incarceration on Counts One and Two with the sentences to run concurrent to each other. Judgment was entered that same day. (Cr. Dkt. 121 at 2.)

Reed appealed. On September 18, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. (Cr. Dkt. 181.) Reed did not file a petition for writ of certiorari in the United States Supreme Court.

On August 22, 2007, Reed timely filed a 28 U.S.C. § 2255 motion to vacate based on four arguments. (Cr. Dkt. 187.) In ground one of his § 2255 motion, Reed argued that trial counsel was ineffective for failing to object to the Government's misconduct and to his sentencing enhanced based on his career offender status. In ground two, Reed argued that appellate counsel was ineffective for failing to raise a fatal variance argument. In ground three, Reed argued that he was illegally sentenced as a career criminal because "the Judge, not the jury made the determination of finding [Reed] to be a career criminal." In ground four, Reed argued that the Government did not have jurisdiction. On December 13, 2007, this Court denied Reed's § 2255 motion with prejudice. (Cr. Dkt. 188.)

On September 16, 2013, Reed filed his second § 2255 motion, arguing that his sentence was unconstitutional based on the United States Supreme Court's June 17, 2013 decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and June 20, 2013 decision in *Descamps v. United States,* 133 S. Ct. 2276 (2013).[1]

## II. DISCUSSION

*Alleyne* is the latest edition to the progeny of the Supreme Court's decision in *Apprendi v. New Jersey,* in which the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Reed contends that because his "career offender status . . . was never presented to a grand jury to

---

[1] Because Reed's claim is premised on a recently-announced rule in a Supreme Court decision, 28 U.S.C. § 2255(f)(3) provides that he has one year from the date of the decision to file his § 2255 motion. *Weeks v. United States*, 382 F. App'x 845, 848 (11th Cir. 2010) (citation omitted) ("For purposes of § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted."). Because *Alleyne* was decided on June 17, 2013, and *Descamps* was decided on June 20, 2013, Reed's motion would be timely if *Alleyne* or *Descamps* are given retroactive effect.

determine if [he] should have been charged with the [sentencing] enhancement," his sentencing violated *Alleyne*. (Cr. Dkt. 193 at 5).

*Descamps* follows a line of Supreme Court decisions establishing the rules for determining when a defendant's prior conviction qualifies as one of the enumerated predicate offenses set forth in the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"). In *Taylor v. United States,* 110 S. Ct. 2143 (1990), the Supreme Court adopted a "categorical approach," requiring sentencing courts to look at the statutory elements of the defendant's prior offenses, not the facts underlying those convictions. *See Descamps*, 133 S. Ct. at 2283-84 (discussing *Taylor*). *Taylor* also developed the "modified categorical approach," which allows sentencing courts to look beyond the statutory elements to "the charging paper and jury instructions" used in a case where the defendant's prior conviction is for violating a "divisible statute"—*i.e.,* a statute that "sets out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct. at 2282-85 (discussing *Taylor* and *Shepard v. United States,* 125 S. Ct. 1254 (2005)).

In *Descamps*, the Supreme Court determined that the California burglary statute is nondivisible and therefore the district court could not apply the modified categorical approach to the defendant's California burglary conviction. *Id.* at 2285-86. Reed contends that he should be resentenced based on *Descamps* because "four of the convictions upon which [this Court] relied do[] not survive categorical analysis" and "do[] not qualify as crime[s] of violence." (Cr. Dkt. 193 at 5).[2]

Reed's motion must be denied for several reasons: (1) Reed did not move the Eleventh Circuit for an order permitting this Court to consider his successive § 2255 motion; and (2) only

---

[2] Reed's motion suggests that four of his prior convictions subjected him to sentencing under the ACCA. However, the Court found that two of his prior convictions were "crime[s] of violence" under the United States Sentencing Guidelines § 4B1.1(a) and applied the career offender enhancement. (Dkt. 47 at 31, 38-41.)

3

the Supreme Court may assign retroactive effect to one of its decisions with regards to successive § 2255 motions.

### A. Failure to Secure the Eleventh Circuit's Permission to File a Second § 2255 Motion

Because Reed filed a § 2255 motion in 2007, he is required to secure the permission of the Eleventh Circuit Court of Appeals before this Court can consider his motion. *Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 904 (11th Cir. 2012). Specifically, 28 U.S.C. § 2255(h) provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (explaining that "to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it [and w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"). There is no indication that Reed has done so; as such, Reed's § 2255 motion will be dismissed for lack of jurisdiction. *See United States v. Mosqueda*, 2013 WL 4493581, at * 2 (N.D. Fla. Aug. 19, 2013) (dismissing a petitioner's § 2255 motion based on *Alleyne* and *Descamps* for failing to seek the Eleventh Circuit's authorization to file a second § 2255 motion).

### B. Only the Supreme Court Can Determine Retroactivity for Successive § 2255 Motions

Even if Reed had moved the Eleventh Circuit for permission to file a successive § 2255 motion, his claim fails to meet the statutory criteria permitting a second habeas motion. A circuit court of appeals may only allow such a motion when it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Reed claims no newly discovered evidence and his motion is clearly premised on *Alleyne* and *Descamps*. Thus, to secure permission from the Eleventh Circuit to file the instant motion, Reed would have to show that *Alleyne* or *Descamps* announced a "new rule of constitutional law" that the Supreme Court "made retroactive to cases on collateral review." *Id*.; *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("The declaration of retroactivity must come from the Justices."). As the Supreme Court explains:

> Quite significantly, under this provision, the Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court. The only way the Supreme Court can, by itself, "lay out and construct" a rule's retroactive effect, or "cause" that effect "to exist, occur, or appear," is through a holding. The Supreme Court does not "ma[k]e" a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts.

*Tyler v. Cain*, 533 U.S. 656, 663 (2001). Therefore, "[i]t is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit or that it satisfies the criteria for retroactive application set forth by the Supreme Court." *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000).

*Alleyne* was decided four months ago, and *Descamps* was decided three months ago. The Supreme Court has not declared that its decision in *Alleyene* or *Descamps* is to be given retroactive effect. *Simpson*, 721 F.3d at 876 ("The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack."); *Smith v. Holland*, 2013 WL 4735583, at *4 (E.D. Ky. Sept. 3, 2013) ("[T]here is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review."); *Strickland v. English*, 2013 WL 4502302, at * 8 (N.D. Fla. Aug. 22, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor

5

has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review."). Because neither this Court, nor any except the Supreme Court, may assess the potential retroactivity of a Supreme Court decision with respect to successive § 2255 motions, Reed can enjoy no relief under *Alleyne* or *Descamps*.[3]

## III. CONCLUSION

Accordingly, Petitioner Wallace Reed's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1; Cr. Dkt. 193) is **DISMISSED**. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

---

[3] The interplay between the one-year timeliness requirements and awaiting the Supreme Court's determination of retroactivity prevents almost all prisoners filing successive habeas petition from asserting claims based on a newly minted Supreme Court decision. *Dodd v. United States*, 545 U.S. 353, 353-54 (2005) ("This result may make it difficult for applicants filing second or successive§ 2255 motions to obtain relief, since this Court rarely announces a new rule of constitutional law and makes it retroactive within a year[.]").

6

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida, this 9th day of October, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Pro Se Petitioner